IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:10-CV-102-FL

| | | |
|---|---|---|
| ANTONIO A. RODRIGUEZ, | ) | |
| for himself and all others similarly-situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| KLEE IRWIN, JAMES CHAPPELL, | ) | |
| CARL RANDALL STEVENS, ESQ., | ) | |
| IRWIN NATURALS, ULTIMATE | ) | |
| NUTRACEUTICALS, LLC, TELEZONE, LLC | ) | |
| and SELL AT HOME, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion of Antonio A. Rodriguez ("Plaintiff")

seeking entry of default against Defendant James Chappell ("Defendant" or "Chappell"). [DE-

32]. Defendant has not responded to the motion and the time for doing so has expired. A

hearing was held on February 8, 2011, to further develop the record. Plaintiff and Defendant

Irwin Naturals ("Irwin Naturals") appeared at the hearing through counsel. Chappell did not

appear at the hearing. For the reasons below, the motion for entry of default is allowed.

## STATEMENT OF THE CASE

Plaintiff initiated this action by complaint filed May 28, 2010. The original complaint

contained fourteen counts and named as Defendants Chappell, Klee Irwin, Irwin Naturals and

Ultimate Nutraceuticals, LLC. On August 25, 2010, Plaintiff filed an amended complaint [DE-

9], adding Carl Randall Stevens, Telezone, LLC and Sell at Home, LLC as Defendants and

alleging eleven counts. Count 1 alleges a violation of the Racketeer Influenced and Corrupt

Organizations ("RICO") Act , 18 U.S.C. § 1961 *et seq*. The remaining counts recite the

following state law claims: RICO claims under Nevada (Count II) and North Carolina (Count III)

law, conversion (Count IV), unjust enrichment (Count V), unfair trade practices claims under

California and North Carolina law (Count VII), negligence (Count VIII), fraud (Count IX) and

breach of contract (Count X). Plaintiff seeks equitable relief in the form of a constructive trust

(Count VI) and preliminary and permanent injunctions (Count XI).[1] Plaintiff invokes federal

jurisdiction on the grounds of federal question jurisdiction pursuant to 28 U.S.C. § 1331,

diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), class action jurisdiction pursuant to 28

U.S.C. § 1332(d)(2)(A) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Defendants

are alleged to be jointly, severally and vicariously liable. Am. Compl. [DE-9] ¶¶ 19, 39.

Chappell has not made an appearance in the case, nor has Chappell filed a responsive

pleading or a motion in response to the amended complaint.

On October 18, 2010, through its counsel, Plaintiff filed an Affidavit of Service of

Summons and Amended Complaint on Defendant James Chappell [DE-31] and moved for entry

of default. Pl.'s Mot. for Entry of Default as to Def. James Chappell ("Pl.'s Mot.") [DE-32].

Although Chappell did not respond to Plaintiff's motion, on October 22, 2010, Irwin Naturals

filed a response in opposition to the entry of default. Def. Irwin Naturals' Resp. in Opp. to Pl.'s

Mot. for Entry of Default as to James Chappell ("Def.'s Resp.") [DE-33]. Included in its

response, Irwin Naturals filed a declaration purportedly executed by Chappell disputing proper

---

[1] Contemporaneously with the amended complaint, Plaintiff moved to certify a class action. [DE-13]. Pursuant to a court order entered September 22, 2010, Defendants' response to Plaintiff's Motion to Certify Class is due thirty days after the court has ruled on Defendants' Motion to Dismiss. [DE-25].

2

service of process. Ex. A. [DE-33-1]. Plaintiff subsequently filed a Reply. Pl.'s Reply to Opp. to Mot. for Entry of Default against Def. James Chappell. ("Pl.'s Reply") [DE-34].

On February 8, 2011, the court held a hearing in this matter at which counsel for Plaintiff and Irwin Naturals appeared and offered argument on Plaintiff's motion.

## STATEMENT OF THE FACTS

Plaintiff's claims arise from Plaintiff's dissatisfaction with an herbal dietary supplement called Dual Action Cleanse ("DAC"). According to the amended complaint DAC is manufactured by Irwin Naturals and was purchased by Plaintiff after he learned of its purported health benefits in a promotional advertisement ("infomercial") featuring Chappell and Defendant Klee Irwin. Plaintiff alleges Defendants made various material misrepresentations as to the effectiveness of DAC as part of a conspiracy with the intent to defraud Plaintiff. Plaintiff contends DAC failed to perform as advertised. Plaintiff claims further that Defendants continued to charge his credit card for additional unwanted DAC product after Plaintiff had informed Defendants that he no longer wished to purchase DAC. Plaintiff seeks for himself and a proposed nationwide class of at least 200,000 plaintiffs, compensatory and punitive damages for injury allegedly resulting from Defendants' scheme to defraud Irwin Naturals' customers.

According to the amended complaint, Chappell is a resident of California and a chiropractor and is the founder, president and director of James Chappell Health and Longevity Center, LLC ("LLC"). Am. Compl. [DE-9] ¶¶ 21, 25; Ex. 4 [DE-9-4] at 4.[2] Plaintiff alleges, among other things, that Chappell used a portion of the proceeds from the alleged conspiracy to

---

[2]Exhibit four appears to be a curriculum vita of James Chappell. Ex. 4 [DE-9-4] at 4 (downloaded from http://www.linkedin.com/pub/dr-james-chappell/4/a94/894 on 8/17/2010).

maintain the LLC. Am. Compl. [DE-9] ¶¶ 25, 30. The LLC however is not a party to this lawsuit.

A.    First Attempt of Service

Plaintiff mailed a copy of the complaint and the summons by certified mail to Chappell. Pl.'s Mot. [DE-32] at 1. The summons was directed to "Dr. James Chappell, 7083 Hollywood Blvd. Suite 180, Los Angeles, CA 90028." [DE-3] at 3 ("original summons"); Pl.'s Mot. [DE-32] at 1. A few days after mailing, Plaintiff's counsel was contacted by telephone by a "puzzled secretary" in receipt of the complaint and summons who indicated that Chappell did not work at that address. Pl.'s Mot. [DE-32] at 1. After reviewing the address of the original summons, Plaintiff's counsel discovered he had erred by sending process to the wrong address. *Id.* Plaintiff's counsel advised the "secretary" to discard the complaint and summons. *Id.*

Thereafter, on August 25, 2010, Plaintiff filed an amended complaint and Plaintiff's counsel mailed a copy of the amended complaint and the original summons to Chappell by certified mail.

B.    Plaintiff's Affidavit of Service on Defendant James Chappell

On October 18, 2010, in support of its motion for entry of default against Chappell, Plaintiff's counsel filed an affidavit testifying as to the steps taken to affect service of the original summons and amended complaint on Chappell. Aff. of Serv. of Summons & Am. Compl. on Def. James Chappell [DE-31]. In his affidavit, counsel states that on or about September 16, 2010, he mailed an envelope to Dr. James Chappell at his address of record, 125 Columbia, Aliso Viejo, California 92656. *Id.* ¶ 1. According to counsel's affidavit, the envelope was mailed by United States Postal Service Certified Mail Return Receipt Requested and contained the original

4

summons, a copy of the amended complaint and copies of Plaintiff's motions, memoranda and exhibits. *Id.* As an exhibit to the affidavit, counsel included a copy of the postal service certified mail receipt of delivery ("Receipt"). *Id.* at 2. The Receipt indicates that the article mailed was addressed as described by counsel's affidavit and that the mail service was by certified mail. *Id.* The article number indicated on the Receipt is 7006 2150 0003 7565 3659. *Id.* In the area of the Receipt to be completed upon delivery are what appear to be the handwritten initials "SP" and the date of delivery is indicated on the Receipt as "9-21-10." *Id.* Incorporated also as an exhibit to the affidavit is a document entitled "Track and Confirm," which appears to be a delivery confirmation printout generated by the United States Postal Service's website. The document indicates article 7006 2150 0003 7565 3659 was mailed via certified mail and was delivered at 10:22 a.m. on September 21, 2010, in Aliso Viejo, California 92656. *Id.*

According to Plaintiff's counsel, information counsel obtained from the office of the California Secretary of State indicates that as of the date of mailing, James Chappell was the agent for service of process for James Chappell Health and Longevity Center LLC. Pl's Reply Ex. 1 [DE-34-1] at 2. According to the records of the California Secretary of State, as of the date of service, the address indicated for service on the LLC via James Chappell was "125 Columbia, Aliso Viejo, California 92656," the address to which counsel mailed a copy of the amended complaint and the original summons. *Id.*

C.    Affidavit Submitted by Defendant Irwin Naturals

In opposition to Plaintiff's motion, Irwin Naturals filed a declaration purportedly executed by Chappell on October 19, 2010. Decl. of James Chappell [DE-33-1]. In the declaration, Chappell states that he maintains neither a residence nor a business at 125 Columbia,

5

Aliso Viejo, California 92656. *Id.* ¶¶ 2, 3. Chappell states further that he previously used the address "as a mailing address in connection with a former business venture, but [he] [has] not received mail or conducted business at that address since April 2010." *Id.* ¶ 4. Chappell does not "currently receive mail or other correspondence at 125 Columbia, Aliso Viejo, California 92656." *Id.* ¶ 5. Finally, Chappell states that he has "not been served with any legal process or legal documents regarding [his] association with Dual Action Cleanse or Irwin Naturals." *Id.* ¶ 6.

## DISCUSSION

A.    Standing

Defendant Irwin Naturals has objected to entry of default against its co-defendant Chappell and Plaintiff has challenged Irwin Naturals' standing to assert such opposition. At the outset therefore, the court must address whether Defendant Irwin Naturals has standing to challenge an entry of default against Chappell. A party asserting that it has standing must show (1) an injury in fact - a harm suffered that is concrete and actual or imminent, not conjectural or hypothetical, (2) causation - a fairly traceable connection between the injury and the complained of conduct and (3) redressability - a likelihood that the requested relief will redress the alleged injury. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102-03 (1998) (citations omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 402 (4th Cir. 2010). "The standing doctrine, of course, depends not upon the merits, but on whether the [claimant] is the proper party to bring the [claim]." *See McBurney*, 616 F.3d at 402 (citation omitted)

Irwin Naturals contends that it has standing because Plaintiff has alleged that Defendants are jointly and severally liable. In other words, according to Irwin Naturals, a default judgment entered against Chappell is rightfully executable against Irwin Naturals by virtue of the scope of

6

liability alleged in the amended complaint. In his amended complaint, Plaintiff has alleged

Defendants conspired among themselves, and in furtherance of their conspiracy committed

tortious and unlawful acts upon Plaintiff by racketeering enterprises, violation of consumer

protection statutes, obtaining Plaintiff's property by fraud, transporting and receiving such

property and converting profits from the conspiracy. Am. Compl.¶18. Plaintiff does not

distinguish between Defendants regarding their liability as to the claims raised in the amended

complaint. Rather, Plaintiff alleges that "each Defendant [is] liable for all acts of each and every

other Defendant as to all substantive counts, regardless of when any Defendant joined or left the

conspiracy." *Id.* Plaintiff has alleged further that each Defendant is liable for all acts of every

Defendant (*Id.* ¶17), and that Defendants are "liable or vicariously liable for all torts and wrongs

that their employees and agents committed against Plaintiffs." *Id.* ¶19.[3] Plaintiff alleges also that

"each and every defendant is jointly and severally liable for all damages resulting from any act in

furtherance [] of the conspiracy." *Id.* ¶ 39.

Joint and several liability applies only where multiple defendants are responsible for a

single tort, as opposed to where multiple defendants have each committed a separate tort. *See*

*Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 517 n.13 (4th Cir. 2002) ("Joint

and several liability means that '[t]he person who has been harmed can sue and recover from

both wrongdoers or from either one of the wrongdoers.'") (citing Black's Law Dictionary); *see*

*also Anderson v. Griffin*, 397 F.3d 515, 523 (7th Cir. 2005) ("Ordinarily when parties are jointly

and severally liable, it means that each party is fully liable..."). Thus, if two parties are jointly

---

[3]Plaintiff has made no specific allegation as to Chappell's agency or employment
relationship with other Defendants.

and severally liable, each is responsible for the liability of both. *Nelson-Salabes*, 284 F.3d at 517 n.13. "Joint liability arises when several persons act in concert and each is entirely responsible for the damage resulting from that concerted effort." *Sack v. Seid*, No. 01-C-6747, 2002 WL 31409573, at *2, 2002 U.S. Dist. LEXIS 20542, at *5 (N.D. Ill. Oct. 24, 2002). Under a theory of joint liability, anyone of the defendants can be ordered to pay satisfaction in full of the damages awarded. *Id.* (citing *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257 (7th Cir. 1980)).

In *Sack*, an ERISA action, the plaintiff sued an ERISA plan trustee, plan sponsor and ERISA plans for their alleged failure to pay retirement benefits. After the plan sponsor and plans failed to appear in the case, the plaintiff moved for entry of default and default judgment. A defendant, the plan trustee who had made an appearance, opposed entry of default and the plaintiff argued the defendant lacked standing. 2002 WL 31409573, at *2. The court found that because the plaintiff had alleged that all the defendants acted jointly and as each other's agents, the appearing defendant had demonstrated an injury in fact and had standing to challenge the entry of default against non-appearing defendants. *Id.* Similarly, here, a judgment against Chappell is executable against Irwin Naturals by virtue of the theory of joint liability alleged in the amended complaint. Thus, Irwin Naturals has standing to oppose entry of default, because it has shown (1) injury in fact (Irwin Naturals is subject to a default judgment against Chappell), (2) causation (the entry of default judgment against Chappell if not challenged) and (3) redressability (challenging the entry of default may remedy exposure to liability for default judgment). *See McBurney*, 616 F.3d at 402 (standing); *see Sack*, No. 01-C-6747, 2002 WL 31409573, at *2, 2002 U.S. Dist. LEXIS 20542, at *5 (appearing defendant had standing to

8

challenge entry of default against non-appearing defendants); *see also In Re Uranium Antitrust Litig.*, 617 F.2d at 1256 n.32 (non-defaulted defendants demonstrated injury in fact and had standing to challenge entry of default judgment where alleged joint and several liability subjected the non-defaulting defendants to execution of the default judgment).

B.      Default Procedure under Fed. R. Civ. P. 55

Default under Federal Rule of Civil Procedure 55 is a two-step process requiring (1) the entry of default under Rule 55(a) and (2) the subsequent entry of a default judgment in accordance with Rule 55(b). Fed. R. Civ. P. 55. Upon the entry of default, the moving party may seek a default judgment from the Clerk by submitting an affidavit if the claim is for a sum certain and the defendant has failed to appear. Fed. R. Civ. P. 55(b)(1). In all other cases, application for default judgment must be made to the court. Fed. R. Civ. P. 55(b)(2). If the defendant has appeared in the action, the defendant is entitled to a hearing on the application for default judgment, and subsequently, the court may also hold a hearing to ascertain damages. *See id.* It is only the first step of this process however, the entry of default, that concerns the court here. Plaintiff has moved for entry of default pursuant to Fed. R. Civ. P. 55(a), which provides that

> [w]hen a party against whom a judgment for affirmative relief is sought has
> failed to plead or otherwise defend, and that failure is shown by affidavit
> or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Although Rule 55(a) authorizes the clerk to enter a default, the court is empowered under the rule to direct entry of default. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2682 (3d ed. 1998); 10 James Moore, Moore's Federal Practice - Civil § 55.12[3] (2010); *see Harper v. Ambumed NC, Inc.*, No. 4:07-

9

CV-125-FL, 2008 WL 5169832, at *1, 2008 U.S. Dist. LEXIS 99315, at *3 (E.D.N.C. Dec. 8, 2008) (directing clerk to enter default in accordance with Rule 55(a)). The entry of a default under Rule 55(a) is simply a formal matter placing defendant on notice that it is in default, and does not constitute entry of a judgment. *See Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.*, No. 3:06-CV-264, 2006 WL 1720681, at *5, 2006 U.S. Dist. LEXIS 41054, at *14 (E.D. Va. Jun. 20. 2006); 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2682.

Default may be entered only against a party that has "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Even if the party has made an appearance in the case, its appearance alone is not enough to avoid default; rather, the party must file a timely responsive pleading or take action to defend the suit in order to avoid default. 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682; 10 James Moore, *Moore's Federal Practice - Civil* § 55.11[2][b][ii]. To that end, a party is deemed to have "otherwise defended" under the rule, and will thus not be held in default if, in lieu of a responsive pleading, the party has timely filed a preliminary motion asserting defenses under Fed. R. Civ. P. 12 (b). 10 James Moore, *Moore's Federal Practice - Civil* § 55.11[2][b][i]. For example, "[t]he filing of a motion to dismiss constitutes defending an action within the meaning of Rule 55(a)," and if timely filed, default should not be entered. *Buckner v. United Parcel Serv., Inc.*, 5:09-CV-411-BR, 2010 WL 2889586, at *1, 2010 U.S. Dist. LEXIS 74102, at *2 (E.D.N.C. Jul. 12, 2010) (quoting *Hudson v. North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C. 1994)). The filing of a motion for summary judgment may also constitute "defending an action" thereby precluding entry of default. *See Johnson v. Warner*, 7:05-CV-219, 2009 WL 586730, at *4, 2009 U.S. Dist. LEXIS

10

17143, at *11 (W.D. Va. Mar. 6, 2009); *Rashidi v. Albright*, 818 F. Supp. 1354, 1355-56 (D. Nev. 1993) (finding a motion for summary judgment sufficient to satisfy the "otherwise defend" requirement under Rule 55 because it "speaks to the merits of the case and demonstrates a concerted effort and an undeniable desire to contest the action").

Some courts have observed further that the undefined wording "otherwise defend" of Rule 55(a) is broader than a failure to plead and that "[a] party may avoid entry of default if it demonstrates that it 'intends to defend the suit.' In making this determination, 'courts now look beyond the presence or absence of [] formal actions to examine other evidence of active representation.'" *In Re Thornton*, 419 B.R. 787, 790 (Bkrtcy. W.D. Tenn. 2009) (quoting *Jervis B. Webb Co. v. Kennedy Group*, No. 07-10571, 2007 WL 2951396, at *1, 2007 U.S. Dist. LEXIS, at *3 (E.D. Mich. Oct. 10, 2007) (citations omitted)). In *Thornton*, the debtor failed to demonstrate an intent to "otherwise defend" within the meaning of Rule 55(a) although he had appeared and testified at a deposition without being under subpoena. The court found that the trustee was entitled to entry of default because the debtor had failed to file a responsive pleading, motion challenging the merits of the case, or a notice of appearance and debtor had failed to appear at pretrial conferences. *Id.* at 792.

Here, Chappell has not filed a responsive pleading or a motion asserting Rule 12(b) defenses nor has he otherwise challenged the merits of the action. Chappell has not filed a notice of appearance or communicated with Plaintiff's counsel in any way. While a declaration from Chappell has been submitted by Irwin Naturals, the declaration is not in support of an affirmative motion by Chappell seeking relief, but as an exhibit to a motion by Irwin Naturals. Counsel for Irwin Naturals has not filed the exhibit on behalf of Chappell and has not otherwise acted in this

11

case as Chappell's counsel, agent, or surrogate. Indeed, as previously addressed, Irwin Naturals has its own interests in preventing default against Chappell. Under these circumstances, Chappell has not indicated an intent to "otherwise defend this action" within the meaning of Rule 55(a).[4]

Upon the entry of default, the defaulted party is deemed to have admitted all well-pleaded allegations of fact contained in the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *Weft, Inc. v. GC Inv. Assocs.*, 630 F. Supp. 1138, 1141 (E.D.N.C. 1986) (citations omitted), *aff'd*, 822 F.2d 56 (4th Cir. 1987) (table). However, the defendant is not deemed to have admitted conclusions of law and the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (citations omitted). Rather, in determining whether to enter judgment on the default, the court must determine whether the well-pleaded allegations in the complaint support the relief sought. *Id.* (citing *Weft*, 630 F. Supp. at 1141); *Arista Records, LLC v. Gaines*, 635 F. Supp. 2d 414, 416 (E.D.N.C. 2009).[5] To that end, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and defenses be disposed of on

---

[4]Counsel for Irwin Naturals has presented no argument as to whether Chappell has "otherwise defended" this lawsuit under Fed. R. Civ. P. 55(a).

[5]It has been observed that in multi-defendant cases, where liability has been alleged as joint and several, in order to avoid inconsistent judgments, default judgment should be reserved until the action is resolved on the merits against non-defaulting defendants so that if plaintiff loses on the merits, the complaint should then be dismissed against defaulting and non-defaulting defendants. *See Jefferson v. Briner, Inc.*, 461 F. Supp. 2d 430, 433-35 (E.D. Va. 2006) (citing *Frow v. De La Vega*, 82 U.S. 552, 15 Wall 552 (1872)); *see also Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 945 (4th Cir. 1967); *but see Phoenix Renovation Group, Corp. v. Gulf Coast Software, Inc.*, 197 F.R.D. 580, 582-83 (E.D. Va. 2000) (collecting cases limiting *Frow* to bar entry of default judgment against one of several defendants only if theory of recovery is joint liability); *see also Weft*, 630 F. Supp. at 1143 (same).

their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (vacating order denying motion to set aside entry of default); *Tazco, Inc. v. Dir., Office of Workers Compen. Programs, US Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter.").

Perhaps as further expression of its disfavor for default, the court may look beyond Rule 55(a) in considering the propriety of entering default. For example, once having appeared in the case, a party against which default is sought may challenge the default, in which case the court may apply the criteria considered when ruling on a motion to set aside a default judgment under Rule 55(c). *See Melvin v. SSA*, No. 5:09-CV-235-FL, 2010 WL 1958604, at *12, 2010 U.S. Dist. LEXIS, at *41 (E.D.N.C. Mar. 24, 2010); *see Nichols Family Invs., LLC v. Hackenberg*, No. 5:05-CV-249, 2007 WL 1041201, at *1, 2007 U.S. Dist. LEXIS 25565, at *4 (W.D.N.C. Apr. 5, 2007) (citing *Schmir v. Prudential Ins. Co., of Amer.*, 220 F.R.D. 4, 5 (D. Me. 2004)).[6] This avenue of resolution however is foreclosed under the circumstances because Chappell has failed to make an appearance in this case.

Finally, as a prerequisite to the entry of default, the party against whom default is entered must have been properly served with process and the court must have subject matter jurisdiction over the dispute. *See Scott v. Dist. of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) ("Default

---

[6] These factors include (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion. *Schmir*, 220 F.R.D. at 5; *see Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006); *Hackenberg*, No. 5:05-CV-249, 2007 WL 1041201 at * 1, 2007 U.S. Dist. LEXIS 25565, at *4 (explaining that when deciding a motion to enter a default, a court should be "guided by the Fourth Circuit's 'strong policy that cases be decided on their merits.'") (quoting *Sec. & Exch. Comm'n v. Lawbaugh*, 359 F. Supp. 2d 418, 421-22 (D. Md. 2005)(subsequent citations omitted)).

cannot be entered where there was insufficient service of process."); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2682 ("Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process."). The decision on Plaintiff's motion therefore turns on whether there is sufficient evidence of proper service of process upon Chappell.

C.    Service of Process

The proper method of service upon an individual is either to (1) deliver "a copy of the summons and of the complaint to the individual defendant personally or by leaving copies thereof at the individual's dwelling house or usual place of abode" or (2) follow the state law rules for proper service. *Moore v. Cox*, 341 F. Supp. 2d 570, 573 (M.D.N.C. 2004) (quoting Fed. R. Civ. P. 4(e)). To that end, the North Carolina Rules of Civil Procedure allow individuals to be served by "mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." *Id.* (quoting N.C. R. Civ. P. 4(j)(1)(c)). "A plaintiff is not required to mail the summons and complaint to a defendant's residence; sending the suit papers to a defendant's place of employment is within the rule." *Id.* (citing *Waller v. Butkovich*, 584 F. Supp. 909, 926 (M.D.N.C. 1984)). Indeed, due process requires that service of process in any proceeding must be reasonably calculated under the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to respond. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted).

As to the form of the summons to be served, as long as the summons provides adequate

notice as to the identity of the individual against whom suit has been brought, a defect on the face of an otherwise properly served summons will not invalidate service. *See Wiles v. Welparnel Constr. Co., Inc.*, 295 N.C. 81, 84-85, 243 S.E.2d 756, 758 (1978) (citing *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947) ("[A] suit of law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant,. . . it has fulfilled its purpose")); *Harris v. Maready*, 311 N.C. 536, 542-45, 319 S.E.2d 912, 916-17 (1984) (service not invalidated where summons named wrong defendant because defendant's name was stated in the caption of the summons); *Steffey v. Mazza Constr. Grp., Inc.*, 113 N.C. App. 538, 541, 439 S.E.2d 241, 243-44 (1994) (naming sheriff in summons rather than defendant city did not invalidate summons because "any confusion arising from the ambiguity in the directory paragraph of the summons was eliminated by the complaint and the caption of the summons" which contained the name of defendant.) (citing *Wiles*, 295 N.C. at 85, 243 S.E.2d at 758)). Finally, simply complaining that one never received suit papers is not sufficient to dispute otherwise valid service. *See In re Williams*, 149 N.C. App. 951, 959, 563 S.E.2d 202, 206 (2002).

If proof of service is disputed, Plaintiff must demonstrate service by filing an affidavit that complies with N.C. Gen. Stat.§ 1-75.10(4). The affidavit must allege (a) "[t]hat a copy of the summons and complaint was deposited in the post office for mailing by registered or certified mail, return receipt requested;" (b) "[t]hat it was in fact received as evidenced by the attached registry receipt or other evidence satisfactory to the court of delivery to the addressee; and (c) [t]hat the genuine receipt or other evidence is attached." *Moore*, 341 F. Supp. 2d at 573 (quoting

15

N. C. Gen. Stat. § 1-75.10(4)); *see* N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2). Under N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2), the filing of an affidavit in accordance with N. C. Gen. Stat. § 1-75.10(4) triggers a rebuttable presumption of valid service in accordance with the North Carolina Rules of Civil Procedure. *Granville Med. Ctr. v. Tipton*, 160 N.C. App. 484, 490-91, 586 S.E.2d 791, 796 (2003); *see also* N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2).

In *Tipton*, the North Carolina Court of Appeals discussed the scope of the presumption triggered by Rule 4(j2)(2). The court held that the rule

> contemplates merely that the registered or certified mail be delivered to the address of the party to be served and that a person of reasonable age and discretion receive the mail and sign the return receipt on behalf of the addressee. A showing on the face of the record of compliance with the statute providing for service of process raises a rebuttable presumption of valid service.

60 N.C. App. at 490-91, 586 S.E.2d at 796 (citations omitted). However, the presumption of proper service only arises if the mail was properly addressed to the party to be served. *See English v. Murphy*, No. 1:09-CV-866, 2010 WL 1416763, at *2, 2010 U.S. Dist. LEXIS 33065, at *6 (M.D.N.C. Apr. 5, 2010). In those cases where the court has held the presumption of proper service did not arise, the evidence precluding the triggering of the presumption was self-evident from the service documents. *See id.* at *3, 2010 U.S. Dist. LEXIS 33065, at *7 (no presumption of proper service arose because summons was facially defective); *Lane v. Winn-Dixie Charlotte, Inc.*, 169 N.C. App. 180, 187, 609 S.E.2d 456, 460 (2005) (presumption of proper service did not arise where summons was defective on its face); *Fulton v. Mickle*, 134 N.C. App. 620, 625, 518 S.E.2d 518, 521 (1999) (no presumption of proper service arose where summons was not addressed to officer, director or agent authorized to accept service on behalf of corporate defendant and sent regular mail rather than certified mail); *see also Broughton v.*

Case 7:10-cv-00102-FL   Document 43   Filed 02/23/11   Page 16 of 21

*Dumont*, 43 N.C. App. 512, 259 S.E.2d 361 (1979).

In *English*, the presumption of proper service did not arise, despite the submission of an affidavit showing proof of service, where the summons was not "properly addressed" to the defendant, an unincorporated association. 2010 WL 1416763, at *3, 2010 U.S. Dist. LEXIS 33065, at *7. Rather than being addressed to the "officer, director agent or member," in accordance with the North Carolina service rules on unincorporated associations, the summons simply indicated the name of the entity. *Id.* In *Broughton,* sufficient service was not accomplished where plaintiff failed to comply with individual service rules in that the return receipt was not addressed to the party to be served, was not restricted to delivery to the addressee only, or receipted by the party to be served. 43 N.C. App. at 514, 259 S.E.2d at 363. The only indication of service was a certified mail return receipt signed by an R.E. Harrell. Since the certified mail return receipt indicated no form of restricted delivery, did not indicate the name or address of the addressee and disclosed no date of delivery, the court held that sufficient service was not accomplished under the rules for service on an individual. *Id.*

Here there are no facial deficiencies in the service papers Plaintiff has filed with the court to demonstrate proper service of process. While the original summons containing the incorrect address for Chappell was included with a copy of the amended complaint, this minor irregularity does not invalidate otherwise effective service because Chappell's name was clearly indicated in the caption and directory section of the summons and in the caption of the amended complaint, thereby leaving no question as to the identity of the actual defendant. *See Harris*, 311 N.C. at 542-45, 311 S.E.2d at 916; *see Steffey*, 113 N.C. App. at 541, 439 S.E.2d at 244. Furthermore, the original summons and a copy of the amended complaint were mailed by certified mail return

17

receipt requested to a business address of Chappell's LLC on record with the California Secretary of State as being a current mailing address.

Evidence of improper service does not appear from the face of the service documents themselves, but from latent evidence presented by Irwin Naturals via Chappell's declaration. In particular, Irwin Naturals argues that "125 Columbia, Aliso Viejo, California" is a mailing address Chappell used with a former business and that he has not used the address since April 2010. Chappell Decl. [DE-33-1] ¶¶ 4, 5.

Chappell's assertion that he no longer accepts mail at the 125 Columbia Aliso Viejo California address does not definitively shield him from having been properly served according to North Carolina caselaw. For example, in *Carpenter v. Agee*, 171 N. C. App. 98, 613 S.E.2d 735 (2005), a case involving service by certified mail upon an individual at a dwelling, the plaintiff's civil summons and complaint were addressed to the defendant by certified mail at an address in San Bernardino, California. The return receipt was signed by defendant's mother at the same address and the plaintiff filed an affidavit of service by certified mail. The defendant filed an answer and moved to dismiss the complaint on the grounds that service of process was insufficient because he had not lived at the address for more than a year. Defendant's objection to service on this basis had no effect precluding the presumption from arising. Rather, the court of appeals found that the presumption of proper service was triggered by virtue of plaintiff's affidavit of service. *Id.* at 100, 613 S.E.2d at 736. The court ruled further that the defendant's affidavit that service was improper fell short of rebutting the presumption because the defendant failed to present evidence that his mother who signed the service receipt was not authorized to accept service. *Id.*

18

Ultimately, however, where contradictory evidence as to service of process has been presented by the parties, the court must assess the evidence, determining its weight and the credibility of witnesses. *See Tipton*, 160 N.C. App. at 489, 586 S.E.2d at 795 (citation omitted). In that regard, the court is not required to accept affidavits as true. *See id.* (citing *Blankenship v. Town & Country Ford, Inc.*, 155 N.C. App. 161, 165, 574 S.E.2d 132, 134 (2002) (where plaintiff and defendant offered contradictory affidavits regarding service of process "it is the duty of the trial court to evaluate such evidence")). In his declaration, Chappell states that the address of service is that of a former business venture which discontinued using 125 Columbia, Aliso Viejo, California as a mailing address after April 2010. Plaintiff's evidence indicates however that the address was on file with the California Secretary of State office as a current address for the LLC at the time of service. In addition, Defendant's purported CV, attached to the amended complaint, suggests the LLC was an ongoing business well after the date of April 2010 provided by Chappell. The court has weighed the evidence of service of process presented by the parties and for the reasons above credits that which has been presented by Plaintiff. The return receipt shows that the certified mail was directed to James Chappell, the receipt of service is dated and a person with the initials "SP" accepted the suit papers and signed for delivery. Chappell has presented no evidence that "SP" was not authorized to accept service on his behalf. A reasonable inference therefore may be drawn from the receipt in this case that the summons and amended complaint were received and accepted on behalf of James Chappell by someone authorized to accept service on behalf of Chappell. Plaintiff has made a sufficient showing on the face of the record of his compliance with the statute providing for service of process raising a rebuttable presumption of valid service.

In order to rebut the presumption of service, a defendant "must present evidence that service of process failed to accomplish its goal of providing defendant with notice of the suit, rather than simply questioning the identity, role, or authority of the person who signed for delivery of the summons." *Tipton*, 160 N.C. App. at 493, 586 S.E.2d at 797 (citation omitted). The presumption triggered by the Rule 4(j2)(2) may be rebutted however only upon an unequivocal showing that proper service was not made. *See Grimsley v. Nelson*, 342 N.C. 542, 545, 467 S.E.2d 92, 94 (1996). In order to rebut the presumption, "a defendant must provide 'affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant.'" *Moore,* 341 F. Supp. 2d at 573 (quoting *Grimsley*, 342 N.C. at 545, 467 S.E.2d at 94); *see Deal v. Cape Fear Valley Hosp.*, No. 5:09-CT-3066-D, 2011 WL 354690, at *3, 2011 U.S. Dist. LEXIS 10375, at *9 (E.D.N.C. Feb. 2, 2011) ("Micklos has presented only his affidavit challenging the service, not the 'affidavits of more than one person[.]'") (citations omitted); *Wilkerson v. Christian*, No. 1:06-CV-871, 2008 WL 483445, at *4, 2008 U.S. Dist. LEXIS 12744, at *11 (M.D.N.C. Feb. 19, 2008) (single affidavit failed to rebut presumption of proper service); *Carpenter*, 171 N.C. App. at 100, 613 S.E.2d at 736 (same); *Guthrie v. Ray*, 293 N.C. 67, 72, 235 S.E.2d 146, 149-50 (1977) (single affidavit by defendant that the address listed on summons was not his address and that he was not resident of state failed to rebut presumption or proper service). In the present case, Irwin Naturals has presented the court with only a single affidavit. Irwin Naturals has therefore failed to provide the quantum of proof sufficient under North Carolina law to overcome the presumption of proper service.

20

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for entry of default [DE-32] is allowed. The Clerk of Court is DIRECTED to enter the default of Defendant James Chappell in accordance with Fed. R. Civ. P. 55(a).

So ordered, this the 23rd day of February, 2011.

Robert B. Jones, Jr.
United States Magistrate Judge